UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUSA PHARMACEUTICALS, INC. and QUEEN'S UNIVERSITY AT KINGSTON,<br><br>Plaintiffs,<br><br>v.<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC.,<br><br>Defendant. | Civil Action No. 04-12703 NMG |

### ASSENTED-TO MOTION TO SUBMIT REPLY AND DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR A SECOND EXTENSION OF TIME

Defendant New England Compounding Pharmacy, Inc. ("NECP") moves the Court to consider the following reply in support of its Motion for a Second Extension of Time. This reply addresses issues raised in plaintiffs' opposition. Per L.R. 7.1, counsel for NECP sought consent by phone from counsel for plaintiffs, William McNichol, prior to filing this motion. Mr. McNichol stated that plaintiffs do not object to NECP's submission of a reply.

NECP has not had sufficient time to respond to the Complaint in part because it has been focused on good-faith efforts to resolve this dispute since plaintiffs served the Complaint. NECP did not "wait[] until the fortieth day after the Complaint was served" to propose settlement terms: While NECP provided the *written* settlement terms on February 7, the written proposal was merely the culmination of settlement discussions begun much earlier during telephone conversations between parties' counsel.

Neither have plaintiffs accurately stated NECP's activities. In the Complaint, plaintiffs alleged that NECP's distribution of leaflets attached to the Complaint induced infringement. Whether or not such activity indeed induces infringement, NECP no longer distributes such leaflets.

In their opposition, plaintiffs also allege that NECP is sending "unsolicited samples of its [ALA] product to doctors for use as claimed in the patents-in-suit." First, contrary to plaintiffs' assertion, NECP is not sending "unsolicited samples" of ALA to doctors. Second, plaintiffs fail to show how providing courtesy prescriptions of ALA *compound* to doctors who wish to try NECP's compound and who write valid patient-specific prescriptions induces infringement of the patents-in-suit. The patents do not cover ALA itself but only certain methods of using ALA with light therapy for specific human conditions. Plaintiffs are well aware that ALA have non-patented uses.

For the above reasons and the reasons stated in its original motion, NECP respectfully requests the Court to grant its request for a thirty-day extension of time to plead or otherwise move with respect to the Complaint. In any case, given NECP's good-faith efforts to resolve this

dispute and given plaintiffs' delay in responding to NECP's settlement proposal, plaintiffs' statement that the Court should enter default judgment in their favor is unwarranted.

                                              NEW ENGLAND COMPOUNDING
                                              PHARMACY, INC.

Dated: February 25, 2005                   /s/ Jolynn M. Lussier
                                              Jolynn M. Lussier (BBO 564636)
                                              FISH & RICHARDSON P.C.
                                              225 Franklin Street
                                              Boston, MA  02110-2804
                                              TEL: (617) 542-5070
                                              FAX: (617) 542-8906
                                              Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing document ASSENTED-TO MOTION TO SUBMIT REPLY AND DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR A SECOND EXTENSION OF TIME was served upon attorney for plaintiffs William J. McNichol, Jr., Esq. Reed Smith LLP, 2500 One Liberty Place, 1650 Market Street, Philadelphia, PA  19103 by first class mail, postage prepaid on February 25, 2005.

                                                            /s/

21028009.doc