IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUSA PHARMACEUTICALS, INC., a New Jersey corporation; and QUEEN'S UNIVERSITY AT KINGSTON, a Canadian academic organization,<br><br>Plaintiffs,<br><br>v.<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC., a Massachusetts corporation,<br><br>Defendant. | Civil Action No. 04-12703-NMG |

## JOINT MOTION FOR ENTRY OF
## STIPULATED PROTECTIVE ORDER AS ORDER OF COURT

Plaintiffs DUSA Pharmaceuticals, Inc. and Queen's University at Kingston, and Defendant New England Compounding Pharmacy, Inc., have agreed to the Stipulated Protective Order ("Protective Order") attached as Exhibit A, and now request that the Court enter the Protective Order as an order of the Court. The parties call the Court's attention to Section 12 of the Protective Order, which specifically references and incorporates the requirements of Local Rule 7.2 into the Protective Order.

Respectfully submitted,

/s/ **Daniel M. Rabinovitz**
Daniel M. Rabinovitz (BBO #558419)
Menard, Murphy & Walsh LLP
60 State Street - 34th Floor
Boston, MA  02109
(617) 832-2500 (phone)
(617) 832-2550 (fax)

Attorney for Defendant

/s/ **Mona M. Patel**
Edward J. Naughton (BBO #600059)
Mona M. Patel (BBO #641007)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700 (phone)
(617) 523-6850 (fax)

          William J. McNichol, Jr.
          Maryellen Feehery
          Valerie Brand
          Reed Smith LLP
          2500 One Liberty Place
          1650 Market Street
          Philadelphia, PA 19103

          Attorneys for Plaintiffs

Dated:  July 28, 2005

# 3099304_v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUSA PHARMACEUTICALS, INC., a New Jersey corporation; and QUEEN'S UNIVERSITY AT KINGSTON, a Canadian academic organization,<br><br>Plaintiffs,<br><br>v.<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC., a Massachusetts corporation,<br><br>Defendant. | Civil Action No. 04-12703-NMG |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, regarded by the producing party as confidential information incorporating proprietary data, know-how, trade secrets, or other valuable commercial information. Accordingly, the parties, by and through their respective attorneys, stipulate and agree to the following terms and conditions, which shall apply to this civil action:

1. Any document or testimonial information provided by either party which that party in good faith contends contains information proprietary to it and entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, may be designated as CONFIDENTIAL and, except as permitted by further order of a court of competent jurisdiction, or by subsequent written agreement of the producing party, such designated documents or testimonial information shall be received by counsel of record for the party upon the terms and conditions of this Stipulated Protective Order (hereinafter, "Protective Order").

2. Documents, information, or tangible items shall be designated CONFIDENTIAL within the meaning of this Protective Order in the following ways:

 (a) In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL". Stamping the legend CONFIDENTIAL on the

cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the disclosing party.

    (b)    In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend "CONFIDENTIAL".

    (c)    In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL".

    (d)    In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "CONFIDENTIAL" and inspected only by counsel and their staff. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

3.    With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation, which are designated as CONFIDENTIAL by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

4.    If, in the course of this proceeding, depositions are conducted which involve confidential information, counsel for the witness or party producing such information may designate, on the record, the portion of the deposition which counsel believes may contain confidential information. If such designation is made, those portions of said depositions involving such confidential information will be taken with no one present except those persons who are authorized to have access to such confidential information in accordance with this Protective Order, and the reporter, except that a witness, whose deposition is being taken, may

see any document identified as CONFIDENTIAL that indicates, on the face of the document, that the witness has previously seen, or has been sent the document. Each party shall be given until thirty (30) days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL. Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the thirty (30) day period. Prior to such designation, or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed confidential information. Transcripts of testimony or portions thereof, or documents containing the confidential information shall be filed only under seal as described in Paragraphs 6 and 11, until further order of the Court.

5. Any confidential document or testimonial information produced by any party which contains information proprietary to the producing party and which is particularly sensitive competitive information, may be designated in writing as ATTORNEYS' EYES ONLY. Stamping the legend ATTORNEYS' EYES ONLY on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the disclosing party. Examples of the types of information that may be designated as ATTORNEYS' EYES ONLY include but are not limited to:

(a) Proprietary technical and financial information of a party; and

(b) Marketing, new product and business plans of a party. Other categories of ATTORNEYS' EYES ONLY information may exist. The parties agree to designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

6. Any document or pleading or tangible item which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, if filed or submitted to the court in accordance with paragraph 11 of this Protective Order, shall be filed in a sealed envelope marked "Confidential -

Not To Be Opened Except By Order Of The Court" or "Attorneys' Eyes Only - Not To Be Opened Except By Order Of The Court."

7.  Except as permitted by further order of this Court or by subsequent written agreement of the producing party, and subject to paragraph 9 below, disclosure of ATTORNEYS' EYES ONLY documents or information, including summaries thereof, but not including documents with the confidential portions redacted, shall be limited to:

(a) the parties' legal counsel, and associate attorneys and paralegal and clerical employees assisting the aforesaid counsel;

(b) this Court;

(c) consultants or experts, not employees or officers of the parties, retained by the parties to consult or testify in the case; and

(d) any person that a document, on its face, indicates has previously seen, or has been sent the confidential information, such as authors, drafters, recipients and copyholders of the documents or information.

8.  Disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall, subject to paragraph 9 below, be limited to:

(a) the persons and entities identified in paragraph 7;

(b) no more than one designated officer of each of the parties; and

(c) witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation, but only if a document, on its face, indicates that such persons have previously seen, or been sent the confidential information or if the producing party agrees.

9.  Before disclosure of any information subject to this Protective Order is made to any legal counsel designated in Par. 7, counsel of record for the party disclosing the information shall obtain a written acknowledgment (in the form attached hereto as Appendix A) from each person to whom disclosure is to be made, acknowledging that any document, information or

tangible item that has been designated as ATTORNEYS EYES ONLY or CONFIDENTIAL is subject to this Protective Order; that the person has read this Protective Order; that such person agrees to comply with and be bound by this Protective Order; and that such person is aware that contempt sanctions may be entered for violation of this Protective Order.

10. Before disclosure of any information subject to this Protective Order is made to any officer designated pursuant to Par. 8 or to any consultant or expert retained by the nonproducing party, counsel for the party disclosing the information shall obtain a written acknowledgment (in the form attached hereto as Appendix A) from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as CONFIDENTIAL is subject to this Protective Order; that the person has read this Protective Order; that such person agrees to comply with and be bound by this Protective Order; and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The affidavits referred to in this Par. 10 shall be provided to opposing counsel three (3) business days in advance of the first disclosure of any confidential information to such person. If no objection is made to such person receiving confidential information within such three (3) business day period, then confidential information may be disclosed to such person. If objection is made, then the party retaining such person may bring before the Court the question of whether the particular confidential information may be disclosed to such person, and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure. All signed affidavits shall be maintained through the conclusion of this action.

11. If it becomes necessary for counsel for a party receiving ATTORNEYS' EYES ONLY information to seek the assistance of any other person, other than those referred to in paragraph 7, such as any employee of the receiving party, and to disclose ATTORNEYS' EYES ONLY information to such person in order to properly prepare this litigation for trial, the following procedures shall be employed:

(a) Counsel for the receiving party shall notify, in writing, counsel for the party producing the ATTORNEYS' EYES ONLY information of their desire to disclose such ATTORNEYS' EYES ONLY information and shall identify the person(s) to whom they intend to make disclosure;

(b) If no objection to such disclosure is made by counsel for the producing party within ten (10) business days of receipt of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Affidavit in the form attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this Protective Order.

(c) If the producing party objects to such disclosure, the party wishing to make such disclosure may bring before the Court the question of whether the particular ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

12. Any party seeking to file CONFIDENTIAL or ATTORNEYS' EYES ONLY information with the Court in any form, as part of a pleading, motion, or any other paper filed with the Court, shall first or simultaneously therewith file a motion for impoundment of the CONFIDENTIAL or ATTORNEYS' EYES ONLY information in accordance with Local Rule 7.2, and otherwise comply with the provisions of that rule. The nonfiling party shall automatically assent and be deemed to have assented to such motion for impoundment. The filing party may submit the CONFIDENTIAL or ATTORNEYS' EYES ONLY information with the motion for impoundment pursuant to the provisions in this section. If the Court does not allow the assented-to motion for impoundment, the parties shall consult and cooperate in order to obtain an order of impoundment. The CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be submitted to the Court in a separate sealed envelope or other sealed container which shall bear the proceeding number and name, and indication of the general nature

of the contents, and the cover page of any such paper or document shall contain the notation provided in paragraphs 4 and 5.

13. If, through inadvertence, a producing party provides any confidential information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, or provides any information subject to a claim of attorney-client privilege, attorney work product or other privilege or immunity, the producing party may, within fifteen (15) business days of such disclosure, inform the receiving party of the CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune nature of the disclosed information; and the receiving party shall, as applicable, treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information under this Protective Order and shall return all copies of assertedly privileged or immune documents (and destroy all summaries of same) within five (5) business days of receipt of written notice from the producing party; and to the extent the receiving party has already disclosed this information, the receiving party shall promptly notify the producing party as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients unless, with respect to CONFIDENTIAL and ATTORNEYS' EYES ONLY information, they are otherwise entitled to disclosure under this Protective Order.

14. No person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to pretrial discovery in this action, except for the purpose of this action only and in accordance with any further order issued by the Court.

15. Acceptance by a party of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a concession that the information, document or thing is confidential. Either party may contest a claim of confidentiality. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be

reached between counsel, then such dispute may be presented to the Court by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

16. This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

17. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

18. At the conclusion of this action, including any appeals, all CONFIDENTIAL information and all ATTORNEYS' EYES ONLY information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record, or destroyed by counsel for the receiving party. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, CONFIDENTIAL information and ATTORNEYS' EYES ONLY information produced hereunder shall continue to be binding after the conclusion of this action.

19. If discovery is sought of a person not a party to this action (hereinafter "Third Party") requiring disclosure of such Third Party's confidential information, the confidential information disclosed by such Third Party will be accorded the same protection as the parties' confidential information, and will be subject to the same procedures as those governing disclosure of the parties' confidential information pursuant to this Protective Order.

The foregoing is hereby stipulated by and between counsel, subject to approval of the Court.

SO ORDERED:

_____
United States District Judge

DATED: this _____ day of _____, 2005

-9-

**Approved as to form and content:**

| | |
|---|---|
| **/s/ Daniel M. Rabinovitz** | **/s/ Mona M. Patel** |
| Daniel M. Rabinovitz (BBO #558419) | Edward J. Naughton (BBO #600059) |
| Menard, Murphy & Walsh LLP | Mona M. Patel (BBO #641007) |
| 60 State Street - 34th Floor | Holland & Knight, LLP |
| Boston, MA 02109 | 10 St. James Avenue |
| (617) 832-2500 (phone) | Boston, MA 02116 |
| (617) 832-2550 (fax) | (617) 523-2700 (phone) |
| | (617) 523-6850 (fax) |
| Attorney for Defendant | |
| | William J. McNichol, Jr. |
| | Maryellen Feehery |
| | Valerie Brand |
| | Reed Smith LLP |
| | 2500 One Liberty Place |
| | 1650 Market Street |
| | Philadelphia, PA 19103 |
| | |
| | Attorneys for Plaintiffs |

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DUSA PHARMACEUTICALS, INC., a New Jersey corporation; and QUEEN'S UNIVERSITY AT KINGSTON, a Canadian academic organization,<br><br>      Plaintiffs,<br><br>v.<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC., a Massachusetts corporation,<br><br>      Defendant. | :<br>:<br>:<br>:<br>:   Civil Action No. 04-12703-NMG<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER which was signed by the Court on _____, 2005, that he/she is one of the persons authorized to receive disclosure of information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY and that he/she fully understands and agrees to abide by the obligations and conditions of the STIPULATED PROTECTIVE ORDER.

Date: _____, 20\_\_\_\_     By: _____
                                                                             Name:
                                                                             Title:
                                                                             Company:
                                                                             Address:

# 3098601_v1