**United States District Court**
**District of Massachusetts**

```
                                    )
DUSA PHARMACEUTICALS, INC. and      )
QUEEN'S UNIVERSITY AT KINGSTON,     )
                                    )
        Plaintiffs,                 )
                                    )
                                    )   Civil Action No.
        v.                          )   04-12703-NMG
                                    )
                                    )
NEW ENGLAND COMPOUNDING             )
PHARMACY, INC.,                     )
                                    )
        Defendant.                  )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is a motion brought by the
plaintiffs, DUSA Pharmaceuticals, Inc. ("DUSA") and Queen's
University at Kingston ("Queen's University") (collectively,
"plaintiffs"), to compel the defendant, New England Compounding
Pharmacy, Inc. ("NECP") to allow entry into and inspection of
NECP's premises pursuant to Fed. R. Civ. P. 34(a)(2). Defendant
has filed a cross-motion against plaintiffs, seeking a protective
order and costs.

**I.   Background**

The underlying case arises from allegations by plaintiffs
that NECP induced the infringement of two patents held by Queen's

-1-

University and licensed exclusively to DUSA, i.e., Patent No. 6,710,066 entitled "Photochemotherapeutic Method Using 5-Aminolevulinic Acid and Other Precursors of Endogenous Porphyrins" and Patent No. 5,955,490 with an identical title.

Plaintiffs filed a complaint in federal district court on December 27, 2004, alleging two counts of inducement of patent infringement under 35 U.S.C. § 271(b). They seek preliminary and permanent injunctive relief as well as treble compensatory damages and attorneys' fees.

NECP answered plaintiffs' complaint on March 16, 2005, by denying the allegations of inducing patent infringement. It also interposed seven affirmative defenses and asserted counterclaims against DUSA for 1) tortious interference with advantageous business relationship, 2) violation of Mass. Gen. Laws ch. 93A (the Consumer Protection Act), 3) violation of the Lanham Act, 4) defamation and 5) injurious falsehood. NECP alleges that DUSA has made numerous false and/or misleading statements disparaging its products. It seeks declaratory and injunctive relief and damages and has demanded a jury trial.

On September 8, 2005, plaintiffs filed a Motion to Compel Entry and Inspection of Defendant's Premises and Operations, seeking access to NECP's premises in order to inspect and photograph/videotape areas and activities related to the defendant's production and record-keeping of aminolevulinic acid

-2-

("ALA") solution. Plaintiffs maintain that the counterclaims asserted by NECP put the quality of defendant's ALA solution at issue in the case. In particular, they argue that they will defend against NECP's allegations that they made false and/or misleading statements by demonstrating the truth of those statements. In order to make such a demonstration, plaintiffs assert that they must fully inspect defendant's premises and operations.

Supporting their argument with an affidavit of a quality and compliance consultant, plaintiffs contend that in order to inspect adequately the quality of NECP's ALA solution, they must be given access to 1) all areas with which the ALA solution comes into contact (e.g., where the product is received, sampled, tested, packaged, etc.), 2) systems and utilities such as HVAC, water and electricity and 3) records and other materials related to the manufacturing, testing, packaging and distribution of the product.

NECP opposes plaintiffs' motion and has filed a cross-motion for a protective order and payment of legal fees incurred in defending against plaintiffs' motion to compel. NECP maintains that plaintiffs' inspection is not likely to lead to relevant or admissible evidence. In addition, it stresses that alternative and less intrusive discovery methods are available, including obtaining samples of NECP's products, taking depositions and

-3-

requesting documents.

During the month of August, plaintiffs and defendant
attempted to work out a compromise which would allow plaintiffs
circumscribed access to NECP premises. The parties agreed to a
number of terms but the compromise broke down over two
limitations sought by NECP: 1) that the inspection be limited to
the "laboratory" area of NECP's premises and 2) that certain
containers and cabinets within the laboratory area be excluded
from inspection. According to plaintiffs, they cannot adequately
investigate the quality of NECP's ALA product without open access
to its premises, including locations beyond the laboratory and
all containers and cabinets within the laboratory.

## II.  **Analysis**

Under Fed. R. Civ. P. 34(a)(2), a party may request that
another party:

> permit entry upon designated land or other property in the
> possession or control of the party upon whom the request is
> served for the purpose of inspection and measuring,
> surveying, photographing, testing, or sampling the property
> or any designated object or operation thereon, within the
> scope of Rule 26(b).

Rule 26(b) permits discovery of "any matter, not privileged, that
is relevant to the claim or defense of any party" subject to the
limitation that otherwise permissible discovery may nonetheless
be limited where 1) it is "unreasonably cumulative or
duplicative" or can be obtained from a less burdensome source, 2)
"the party seeking discovery has had ample opportunity by

-4-

discovery in the action to obtain the information sought" or 3) the "burden or expense of proposed discovery outweighs its likely benefit".

In this case, the Court will deny plaintiffs' motion to compel entry and inspection of defendant's premises and operations.  Plaintiffs seek a highly intrusive form of discovery.  While the source and quality of NECP's ALA solution may be relevant to claims in this case, any benefit from the inspection sought by plaintiffs is outweighed by the burdens that such inspection will impose.  See Belcher v. Bassett Furniture Indus., Inc., 588 F.2d 904, 908 (4th Cir. 1978) ("Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted.").  The defendant has offered plaintiffs access to its premises under reasonable terms.  Moreover, alternative and reasonably adequate methods of discovery are available to plaintiffs.

Defendant's motion for an award of attorney's fees will also be denied by the Court.  Defendant has stated no legal basis justifying its request for attorney's fees.

Counsel are admonished to resolve among themselves any future discovery disputes such as the one now before the Court and are forewarned that failure to do so is likely to result in the imposition of costs and/or sanctions against the losing

party.

## ORDER

In accordance with the foregoing memorandum:

1)    Plaintiff's Motion to Compel Entry and Inspection of

Defendant's Premises and Operations (Docket No. 27) is

**DENIED;**

2)    Defendant's Cross-Motion for a Protective Order (Docket

No. 32) is **DENIED,** as moot; and

3)    Defendant's Cross-Motion for Costs (Docket No. 32) is

**DENIED.**

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: November 17, 2005

-6-